UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON JONES, *et al.*,<br>    Plaintiffs,<br><br>        v.<br><br>GEORGE LITTLE, *et al.*<br>    Defendants. | :<br>:<br>:<br>:   No. 24-cv-6661<br>:<br>:<br>: |

**MEMORANDUM**

Joseph F. Leeson, Jr.                                                                                       December 19, 2024
United States District Judge

      Aaron Jones, a prisoner incarcerated at SCI Phoenix, filed this civil rights action against the current Secretary of the Pennsylvania Department of Corrections ("DOC") Laurel R. Harry, her predecessor George Little, and the DOC Religious Services Administrator Ulli Klemm.[1] Jones also seeks leave to proceed *in forma pauperis*, a temporary restraining order, and appointment of counsel. For the following reasons, leave to proceed *in forma pauperis* will be granted, the Complaint will be dismissed, and the request for preliminary injunctive relief and for counsel will be denied.

---

[1] In the caption of the Complaint, Anthony Reid is listed as a co-plaintiff. Reid did not sign the Complaint, has not paid the filing fee, and has not sought leave to proceed *in forma pauperis*. The Court notes that Reid filed his own complaint, *see Reid v. Little*, Civil Action No. 24-6644, which is nearly identical to Jones's Complaint. Because Reid has filed his own case, the Court will dismiss him as a plaintiff in this case.

I.  **FACTUAL ALLEGATIONS**[2]

Jones's civil rights claims concern the post-pandemic visitation policy implemented by the DOC. He alleges that the Covid-19 public health emergency ("PHE") caused the DOC to change the visitation policy but that on May 11, 2023, "the government lifted the PHE but SCI-Phoenix held on to the PHE policy as to visits." (Compl. at 5.) He asserts that the visitation policy was "permanently changed due to the fact Defendant Harry, and subordinates, defied the governmental order returning back to pre-pandemic policy for visitation." (*Id*. at 6.) This caused him, his family, and his friends to experience hardships due to shortened time for visits and "due to allotted days one can have contact visits," as well as humiliation, degradation, sadness, emotional distress, anxiety, anguish, and anger. (*Id*.) In addition to injunctive relief, he seeks money damages. (*Id*.) While he names Harry, Little, and Klemm as Defendants in the caption of the Complaint, he does not allege any specific action taken by Little or Klemm that caused him to suffer a constitutional violation.

Attached to the Complaint is a copy of a letter send on February 9, 2023 by the United States Secretary of Health and Human Services to state governors renewing Covid-19 restrictions but also indicating that pandemic restrictions will end on May 11, 2023. (*Id*. at 15-16.) Also attached is a "Fact Sheet" dated May 9, 2023 indicating what preparedness, reporting, and other pandemic policies will and will not be affected by the end of pandemic PHE.[3] (*Id*. at 19-27.)

---

[2] The factual allegations are taken from Jones's Complaint. (ECF No. 1.) The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

[3] Nothing in the Fact Sheet specifically address prison PHE changes.

2

## II.   STANDARD OF REVIEW

The Court grants Jones leave to proceed *in forma pauperis*.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Jones is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

### A.   Section 1983 Claims

Since Jones used the form Complaint available to prisoners to file civil rights claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought

---

[4] Because Jones is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

3

in federal court, the Court understands him to be asserting Eighth Amendment conditions of confinement claims against the named Defendants. "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

      **1.**     **Personal Involvement**

Jones alleges that "Defendant Harry, and subordinates, defied the governmental order returning back to pre-pandemic policy for visitation." (Compl. at 6.) This undeveloped allegation is insufficient to allege how Defendants Little and Klemm were personally involved in causing him to suffer a constitutional injury, rendering any claim against them implausible. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal

involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207));  *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### 2. Constitutional Merits

Even if Jones had alleged personal involvement of each of the named Defendants, his claims would still be dismissed as to all of them because he failed to allege a constitutional violation. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell v. Wolfish*, 441 U.S. 520 538-39, 539 n.20 (1979). In general, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson*, 501 U.S. 298-99; *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (*per curiam*) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (stating that the Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials provide "humane conditions of confinement."). Such necessities include food, clothing, shelter, medical care and reasonable safety. *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). "However, where conditions are not 'cruel and unusual' but merely 'restrictive and even harsh,' they do not violate the Eighth Amendment but rather 'are part of the penalty that criminal offenders pay for their offenses against society.'" *Barndt v. Wenerowicz*, 698 F. App'x 673, 677 (3d Cir. 2017) (*per curiam*) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). A prisoner must also establish that the defendants acted with deliberate indifference. *Farmer*, 511 U.S. at 835. A claim based on mere negligence is insufficient to allege a plausible Eighth Amendment violation. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.").

Numerous courts have held that a lack of visitation or restrictions on visitation privileges do not raise constitutional concerns. That is because there is no constitutional right to visitation for convicted prisoners, their family, and spouses. *See*, *Anderson v. Dohman*, No. 18-1741, 2023 WL 5017210, at *4 (M.D. Pa. Aug. 7, 2023) ("[T]here is no constitutional right to visitation for convicted prisoners"), *aff'd*, No. 23-2603, 2024 WL 3649572 (3d Cir. Aug. 5, 2024); *Neumeyer*

6

*v. Beard*, 301 F. Supp. 2d 349, 351-52 (M.D. Pa. 2004) (same, collecting cases), *aff'd*, 421 F.3d 210 (3d Cir. 2005); *Young v. Vaughn*, No. 98-4630, 2000 WL 1056444, at *3 (E.D. Pa. July 1, 2000) (holding that "there is no constitutionally protected right to prison visitation"), and *id*. at *2 ("Convicted prisoners, their family and spouses have no constitutional right to visitation."); *Flanagan v. Shively*, 783 F. Supp. 922, 934 (M.D. Pa.1992) ("Inmates have no constitutional right to visitation. . . . Prison authorities have discretion to curtail or deny visitation if they deem appropriate, and no due process right is implicated in the exercise of that discretion."); *Africa v. Vaughn*, No. 96-0649, 1996 WL 65445 (E.D. Pa. Feb. 14, 1996) ("Neither convicted prisoners nor their family members have an inherent constitutional right to visitation."); *see also Rivera v. Fed. Bureau of Prisons*, 197 F. App'x 169, 170 (3d Cir. 2006) (*per curiam*) ("To the extent that a 'right' to visitation exists via the right to association, this entitlement is limited by prison officials' judgment in furthering penological goals."). Additionally, there are no Pennsylvania regulations expressly mandating a right to prison visitation. *Neumeyer*, 301 F. Supp. 2d at 352 (citing *Africa*, 1996 WL 65445, at *1).

As the United States Supreme Court has explained, "[t]he very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration. . . . And, as our cases have established, freedom of association is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (internal citations omitted). Because there is no constitutional right to visitation, Jones cannot allege a plausible claim that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities" nor can he allege any other basis for a constitutional violation. *Rhodes*, 452 U.S. at 347. Accordingly, his constitutional claims are dismissed with prejudice.

7

### B.      Pennsylvania Constitutional Claims

Jones also purports to bring claims under Article 1, Section 13 of the Pennsylvania Constitution.  (Compl. at 5.)  "Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution."  *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*).  As there is no private right of action for damages under the Pennsylvania Constitution, these claims are dismissed.  *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

Pennsylvania courts and the United States Court of Appeals for the Third Circuit have recognized that a plaintiff may maintain a successful cause of action directly under the provisions of the Pennsylvania Constitution for equitable remedies such as injunctive and declaratory relief.  *See Pocono Mountain Charter Sch.*, 442 F. App'x at 688 (citing *Moeller v. Bradford Cnty.*, 444 F. Supp. 2d 316, 320–21 (M.D. Pa. 2006) ("[I]t is well settled that individual plaintiffs may bring suit for injunctive relief under the Pennsylvania Constitution") and *Jones v. City of Philadelphia*, 890 A.2d 1188, 1216 (Pa. Cmmw. Ct. 2006) ("[O]ther remedies, such as declaratory or injunctive relief . . . are . . . remedies under the Pennsylvania Constitution.")).  Any claim Jones asserts for injunctive relief under the Pennsylvania Constitution, however, is not plausible.

Pennsylvania courts have held that there is no state-created right to prisoner visitation.  *See Earley v. Smith*, No. 402 M.D. 2017, 2018 WL 1788523, at *3 (Pa. Commw. Ct. Apr. 16,

8

2018) (collecting unreported decisions and stating "this Court dismissed mandamus petitions filed by the wife of a prisoner alleging that the suspension of her visitation rights for security reasons violated her constitutional rights. In both cases, we concluded that the wife did not possess a constitutional right to visitation.") (citations and footnote omitted). In reaching this determination, the *Earley* Court "emphasized that the Department is vested with broad discretion over security matters and possessed the authority to suspend visitation rights when it determines that a visitor poses a security risk." *Id.* (citing *Pfender v. Sec. of Pa. Dep't of Corr.*, 443 F. App'x 749, 752-53 (3d Cir. 2011). Pennsylvania courts have also applied federal constitutional law precedents to the question and determined that, even if a right exists, visitation can be restricted due to institutional needs for order, security, and safety. *See also Garber v. Pennsylvania Dep't of Corr. Sec'y*, 851 A.2d 222, 225-26 (Pa. Commw. Ct. 2004) ("The Department asserts that Garber has failed to establish a clear, legal right to relief because he does not have a constitutional right to contact visitation with his minor children. Further, even if such a constitutional right exists, it can be restricted because the Department's interest for institutional order, security and overall safety of minor visitors and others outweighs Garber's interest in contact visitation with minors. *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Because Garber cannot show a clear legal right to the relief requested, we agree with the Department that Garber has failed to state a cause of action."). Accordingly, any purported claim under the Pennsylvania Constitution, regardless of the relief sought, will be dismissed.

## IV.    CONCLUSION

Because Jones has no constitutional right to visitation, his claims are dismissed with prejudice and with no leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that district courts should dismiss complaints under the PLRA with leave

9

to amend "unless amendment would be inequitable or futile").  An appropriate Order will be entered dismissing the Complaint and denying the request for appointment of counsel and a preliminary restraining order.[5]

                                              **BY THE COURT:**

                                              */s/ Joseph F. Leeson, Jr.*
                                              **JOSEPH F. LEESON, JR.**
                                              **United States District Judge**

---

[5] *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (holding that, in determining whether to appoint *pro bono* counsel, the Court must consider as a threshold matter, whether the plaintiff's claim has "some merit in fact and law.").  The motion for preliminary injunctive relief is denied because Jones cannot show he is likely to succeed on the merits of the underlying claims.  *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (holding that, among other factors, a "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits"); *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) (same).